CASE 58—PETITION ORDINARY—OCTOBER 20, 1874.

# Bryan v. Memphis & Paducah Railroad Co.

APPEAL FROM McCRACKEN CIRCUIT COURT.

CARRIER'S LIABILITY FOR FREIGHT TO BE TRANSPORTED OVER MORE THAN ONE LINE—THROUGH BILL OF LADING.

*Unless bound by special contract* the carrier is required to transport or deliver the freight at the terminus of his line, or at the place where by the established usage of the business in which he is engaged the delivery is to be made, to be transported on other lines or by a different carrier.

*But a railroad company may make a special contract* to deliver goods beyond its line, and become liable, as in this case, for the loss of goods on another line to which it delivered them to be transported to place of destination.

HENRY BURNETT, . . . . . . . . . . For Appellant,

. CITED

2 Bush, 468, Jeff. R. R. Co. v. Cleveland.
2 Duvall, 7, C. H. & D. R. R. Co. v. Spratt.

L. D. HUSBANDS, . . . . . . . . . . For Appellee,

CITED

2 Redfield on Railways, 112, 113, 114, 115, and cases cited.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The rule established for the transportation and delivery of goods or other freight by carrier is, "that the carrier, unless

11b 597
f101 662

11bu597
105  410
105  411

11bu597
113  529
115   50

11bu597
116  884

11bu597
116  884

bound by special contract, is required to transport or deliver the freight at the terminus of his line or at the place where, by the established usage of the business in which he is engaged, the delivery is to be made, to be transported on other lines, or by a different carrier."

In the present case the appellee insists that it only undertook to carry the goods to the terminus of its road at Troy Station, and there deliver them to the Mobile & Ohio road, to be forwarded to their destination at Brownsville, Tenn. If there had been no special understanding on the part of appellee no liability would exist, as it appears from the proof that the goods were delivered at Troy Station, the terminus of its road, to the Mobile & Ohio Railroad Company under an agreement between the two companies that when goods were delivered to the one by the other the one receiving the goods paid the freight due the carrier for transportation to the end of the line, and took possession of them to be transported to that point on the route where they were to be delivered.

In this case the appellee undertook with the appellant in writing as follows: ". Received in good order and condition from S. Gross & Co., at the depot of the Pad. & Memphis R. R., the articles marked or numbered as below, which are to be delivered in like good order at Brownsville, Tennessee, to F. E. Bryan, or assigns, he or they paying freight for the same at the rate," etc. Signed by the agent of appellee.

This agent shows that he had the authority and was in the habit of signing such bills of lading for the company, and there is nothing in the record conducing to show that the consignor or consignee looked to the responsibility of any other carrier in the event the goods were lost. They both knew doubtless the terminus of appellee's road, but had the right to presume, by reason of the undertaking on the part of the appellee, that it had some special contract with the Mobile & Ohio Railroad Company to carry the goods beyond the ter-

minus of the appellee's road.   The goods were lost after they had been delivered to the second carrier, and as appellee has enlarged its liability by reason of this special contract it should be held liable upon the facts of this record for the value of the goods lost.

In Redfield, on the Law of Railways, it is said, "The American cases on the subject, with rare exceptions, recognize the right of a railway company to enter into a special contract to carry goods beyond the line of their own road."

The Laurens Railway Company gave receipts for cotton to be delivered on presentation of receipt at Charleston.   The cotton was delivered at the terminus of the Laurens Railway and then delivered to the Greenville & Columbia Railway and lost.   Held that the first carrier was liable.   (2 Redfield on Railways, page 104, and cases cited.)

The rule is that the carrier, in the absence of any special contract, is liable to the extent of his own route, but in this case this special undertaking exists, and his responsibility is unquestioned.

The judgment of the court below is reversed and cause remanded, with directions to award the appellant a new trial and for further proceedings in conformity with this opinion.