## MILTON FREESE, ET AL., v. VALLEY WHARFBOAT COMPANY.

**Contracts—Obligation of Contract to Transport Property.**

Where there is no special contract by which a carrier agrees to transport and deliver a package to a given place and to deliver it to a named person, and it was known to the owner of the package that the carrier's boat did not run to the place of the destination of the package, the law implies a contract only to carry the package to the destination of the boat, and there deliver it to or reship it by another common carrier of good repute.

### APPEAL FROM BOYD CIRCUIT COURT.

November 23, 1877.

OPINION BY JUDGE LINDSAY:

The receipt executed by the master of the steamer Fannie Freese does not evidence a special contract to transport the package of $125 to Pomeroy, and to deliver it to the person to whom it was addressed.

The contract of the parties is to be implied by the circumstances attending the transaction. The steamer did not have an established trade on the Ohio river with well-known termini. The proof shows that it had undertaken during the low stage of water to take the place of a large steamer running regularly between the ports of Ironton and Gallipolis, but it was an open question whether or not this fact was known to the appellees. If it was known to them, then the law only implied a contract on the part of the owner of the steamer to carry the package to Gallipolis, and there deliver it to or reship it by another common carrier of good repute, upon whose line the port

of Pomeroy was situated. *Bryan v. Memphis & Paducah R. Co.,* 11 Bush 597.

Although there was no direct evidence tending to show that the appellees were apprised at the time they shipped the package that the route of the steamer did not extend farther north than Gallipolis, yet we are not prepared to say that the jury might not have inferred such knowledge from the business in which they were engaged, their duty to keep themselves advised as to the changes taking place in the lines of steamers doing business with, receiving from and deliver· ing freight to them, and in transporting the mails upon established mail routes.

The question as to their information on this subject ought to have been taken from the jury, as was done by the single instruction given by the court. The instructions asked by appellees were objectionable and were properly refused; but the one given should have been modified by having had added to it the words "unless the jury shall believe that at the time of the shipment appellees knew that the trip of the steamer did not extend beyond Gallipolis, and that its officers reshipped the package to its destination by another common carrier of good character and standing, and took his receipt for the same, and the package was lost by said last named carrier."

The instruction without this modification was in effect a peremptory instruction to find for the appellees.

Judgment *reversed* and cause remanded for a new trial upon principles consistent with this opinion.

*Hampton & Hagar, for appellants. L. L. Moore, for appellee.*