658 · KENTUCKY REPORTS. [Vol. 101

United States Mail Line Co. v. Carrollton Furniture Manufacturing Co.

CASE 95—PETITION ORDINARY·—SEPTEMBER 28.

## United States Mail Line Co. v. Carrollton Furniture Manufacturing Co.

APPEAL FROM CARROLL CIRCUIT COURT.

1. CARRIERS—ACTION FOR DAMAGES—PLEADING.—In an action by the consignee of goods against the carrier for damages to them the petition should generally aver the ownership of the property or that the plaintiff was the party with whom the contract of shipment was made; but in this case the failure to so allege was not prejudicial to the carrier, the defect in the pleading having been cured by the submission of the law and facts to the court, and the finding of fact by the court being treated as equivalent to the submission of the case by proper instructions to a jury. The law will presume, when nothing to the contrary appears, that the consignee is the owner of the goods, and that the contract for their shipment has been made with him as such.

2. CONNECTING CARRIERS—LIABILITY.— A connecting or auxiliary carrier is liable to the owner of the goods for any loss which may arise either from its negligence or misfeasance; and the mere fact that it acts in the transportation as the agent of the contracting carrier, and that there is no privity of contract between it and the owner of the goods, furnishes no legal reason why it may not be held liable to him.

GAUNT & DOWNS FOR APPELLANT.

1. The petition fails to disclose who was the owner of the glass, or who was the real party in interest, or that there was any contract or agreement either expressed or implied between appel-

lants and appellees; and the demurrer to the petition should have been sustained.

2. When a carrier accepts goods for carriage directed to a destination beyond its own lines it becomes exclusively responsible, and any attempt to hold a connecting carrier liable for a loss must fail for want of privity of contract between such carrier and the contracting party. Hutchison on Carriers, p. 112, secs. 146, 147, 148; Amer. & Eng. Enc. of Law, vol. 2, p. 859, 860, 861, 862; C. H. & D. R. R. v. Spratt, 2 Duvall, p. 4.

J. A. DONALDSON of counsel on same side.

WINSLOW & WINSLOW for appellee.

1. The presumption of law is that the party to whom goods are consigned is their owner and an action should be commenced in his name. Hutchison on Carriers, secs. 720, 736; Smith v. Hughes, 3 B. M., 230; Bell v. Wood, 1 Dana, 146.

2. The receiving carrier is not liable at all beyond its own lines in the absence of an express contract. (Brown v. M. & P. R. R. Co., 11 Bush, 597; Cincinnati, &c., R. R. Co. v. Spratt, 2 Duvall, 4), and the connecting carrier is liable for the loss occurring through its negligence. Hutchinson on Carriers, sec. 150.

3. In a common law action where the law and facts are submitted to the court a general exception is not sufficient as to the finding of fact by the court, and the only question raised by such an exception is as to the sufficiency of the pleadings, Kanawha Dispatch v. Lankin, 15 Ky. Law Rept., 780; Amer. Mutual Aid Society v. Brogan, 91 Ky., 408; Sherman v. Gates, 14 Ky. Law Rept., 271; King v. Walker, 14 Ky. Law Rept., 605.

4. The appellant prayed an appeal from the judgment of the court, which was granted in the judgment, and thereby elected to come to this court upon the pleadings alone. And the motion and grounds for a new trial subsequently made in the lower court could not be considered by it, because the appeal was not then in the lower court after the appeal was granted by it. Harper v. Harper, 10 Bush, 447; Helm v. Boone & Talbott, 6 J. J. M., 353; McAllister v. Insurance Co., 78 Ky., 533; Humphrey v. Walton, 7 Bush, 580; Helm v. Coffee, 80 Ky., 176; Henderson v. Dupert, 82 Ky., 680.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

Appellee brought suit, alleging that appellant was a com-

mon carrier and as such received at Cincinnati two cases of looking-glass plates, consigned by Heroy & Marriner to appellee, to be delivered at Carrollton; that by the gross negligence of appellant a large quantity of the plate glass was broken and rendered worthless, to appellee's damage. The consignors were joined as plaintiffs, and general and special demurrers were filed to the petition, the special demurrer being for defect of parties, upon the ground that the consignors were not necessary or proper parties. The demurrers were overruled, but subsequently, upon appellant's motion, the names of the consignors were stricken from the petition as plaintiffs. The cause was submitted to the court, without the intervention of a jury, and the court made separate findings of law and fact, giving judgment in favor of appellee.

The first objection, which is to the overruling of the special demurrer, need not be considered, as the court struck from the record the names of the consignors as plaintiffs.

It was further insisted that it was error to overrule the general demurrer to the petition, inasmuch as it contains no averment that appellee was the owner of the property injured, and no averment that plaintiff was the party with whom the contract of shipment was made.

The general rule seems to be that the petition should aver general or special ownership of the property, or that plaintiff was the party with whom the contract of shipment was made, (3 Encyclopædia of Pleading and Practice, 841). But there was evidence showing, and the court found as a fact that appellee bought the goods in New York, and was, therefore, the owner; and it has been held by this court

that the failure to make an averment of fact in a pleading is cured by the submission of the question of fact to the jury by a proper instruction. The finding of the court upon this question must be treated as equivalent to the submission of the question by proper instruction to the jury. Had there been a total absence of evidence upon the question of owner- ship "the presumption of the law is, that the party to whom the goods are consigned is their owner and the person who is entitled to sue for the damage, and the action shoul 1 in most cases be commenced in his name." (Hutchison on Carriers, section 720.) "The law will presume, when nothing appears to the contrary, that the consignee is the owner of the goods, and that the contract for their transportation was made with him as such owner." (Ibid, section 736.)

We are of opinion, therefore, that overruling the demurrer was not error to the prejudice of any substantial right of appellant.

It is further insisted that as the court found as a fact that the glass was bought in New York, shipped to Cincinnati, and there transferred to and received by the appellant and transported to Carrollton, it follows that appellant was a connecting carrier and comes within the rule laid down in Muschamp's case, 8 M. & W., 421, that the liability of one of several connecting carriers, who receives goods for trans- portation consigned to a point beyond his own line, extends throughout the journey, until there has been a complete delivery to the consignee, unless he has made a special con- tract limiting his liability to his own line; and, further, that the receiving carrier is alone liable to an action, though the loss or injury may have occurred upon the line of a connect-

ing carrier, this being upon the ground of want of privity of contract between the injured party and the connecting carrier. The rule there laid down as to the liability of the receiving carrier has been universally accepted in England and a few of the United States. The general rule in this country is, however, that the receiving carrier is not liable beyond its own line in the absence of a contract to that effect; and even in those States which have adopted the English rule as to the liability of the receiving carrier there is no case, except in Georgia, which goes to the length of holding that the owner must seek his remedy exclusively against the receiving carrier; * * * "but even where the English rule as to the extent of the obligation to carry has been adopted, the right of the owner to proceed against the carrier in fault in causing the loss or damage has been fully recognized and is every day acted upon." (Hutchison on Carriers, section 150.) In Bryan v. M. P. R. R. Co., 11 Bush, 599, it was held: "The rule is that the carrier, in the absence of any special contract, is liable to the extent of his own route; but in this case this special undertaking exists, and his responsibility is unquestioned." The case of Cincinnati, &c., R.R. v. Spratt, 2 Duvall, 4, relied on for appellant, does not appear to us to support the contention of counsel. In that case there was a contract to carry the freight through, and the action was held to have been properly brought against the carrier with whom the contract was made. It was not held in that case that the receiving carrier was exclusively liable. In our judgment, the rule is correctly stated in Hutchison on Carriers, section 150: "But the rule which allows the action against the carrier in fault, as

well as against the one who is primarily responsible, certainly commends itself upon grounds of both justice and convenience, and, with the above exception (Georgia), is the universal law of this country. And the mere fact that the auxiliary carrier acts in the transportation as the agent of the contracting carrier, and that there is no privity of contract between him and the owner of the goods, furnishes no legal reason why he may not be held liable to the owner for any loss which may arise either from his negligence or misfeasance."

Another objection made by appellant is that there was no proof to justify the finding of the trial court as to the negligence of appellant. Without going into the evidence in detail, it is sufficient to say that we think the finding is supported by the evidence.

The remaining objection urged by counsel is that the captain of the boat was not permitted to state that, from his experience in handling such freight, he could state how the glass was broken, and that, in his opinion, it "had been struck in the center by some hard substance, such as it would receive in a wreck on the railroad by being jammed against something." We do not think this witness showed such qualifications as an expert as to entitle him to testify from an inspection of broken glass to the manner in which it had been broken.

Judgment is affirmed, with damages.