GAINEY v. TELEGRAPH CO.

(Filed October 18, 1904).

TELEGRAPHS—*Negligence—Damages.*

> Where a death message was sent to plaintiff, directed "G. (P. O. Idaho), Fayetteville, N. C.," and asked plaintiff to "write" if he could not come, the telegraph company was not guilty of negligence, on receiving the telegram at Fayetteville, in placing it in the post-office, addressed to plaintiff.

ACTION by Noel Gainey against the Western Union Telegraph Company, heard by *Judge R. B. Peebles* and a jury, at February Term, 1904, of the Superior Court of CUMBERLAND County.

This action was brought to recover damages for the negligent failure to deliver a telegram, which plaintiff alleges caused him great mental anguish. Dr. W. E. Gainey, brother of the plaintiff, died in Mayo, Fla., on November 17, 1901. There being no telegraph office at Mayo, his widow sent to Live Oak, Fla., which is twenty-three miles from Mayo, the following telegram addressed to the plaintiff:

"MR. NOEL GAINEY,
   (P. O. Idaho), Fayetteville, N. C.
The Doctor is dead. Write if you can come. Died at 7:45 to-day.

          MRS. W. E. GAINEY."

This telegram was handed by Mrs. Gainey to O. B. Clark at Mayo, with the request that he have it sent from Live Oak over defendant's lines to the plaintiff and it was delivered by Clark to the operator of defendant at Live Oak at about 4 P. M. the day Dr. Gainey died. Clark paid sixty-five cents, the amount charged for transmission, and nothing was said about any extra charge for a special delivery outside of the company's free delivery limits at Fayetteville, to which place the message was addressed and sent. Plaintiff lived near Idaho, which is his postoffice and about one mile and a half from Fayetteville. The message was transmitted from Live Oak on November 17 and received at Fayetteville about 5:30 P. M. on the same day, which was Sunday afternoon. It was then mailed by the operator to the plaintiff at Idaho and was delivered to him by the postmaster the next day about 7 o'clock P. M. These are the material facts. At the close of the testimony the Court, on motion of the defendant's counsel, dismissed the action, under the statute, and plaintiff excepted and appealed.

*N. A. Sinclair* and *Q. K. Nimocks,* for the plaintiff.
*Robert C. Strong,* for the defendant.

WALKER, J., after stating the facts. This case is not like any one of the numerous cases we have decided upon the subject of the liability of a telegraph company in damages for its negligent failure to deliver a message, but we do not think the question involved, when considered with reference to the facts appearing in the record, is at all difficult of solution. It is undoubtedly true, as argued by the learned counsel for the plaintiff, that the company is not exempted from liability merely because the person addressed may chance to live outside its free delivery limits, because it undertakes expressly, and by the very terms of its contract, to make a delivery within those limits free of any charge, and, impliedly, at least, to deliver beyond the fixed limits, for which latter service an extra charge is made, not exceeding in amount the actual cost of such special delivery. The language of the contract in this respect is as follows: "Messages will be delivered free within the established free delivery limits of the terminal office. For delivery at a greater distance, a special charge will be made to cover the cost of such delivery." We have held that when a message is received at a terminal office to which it has been transmitted for delivery to the person addressed, it is the duty of the company to make diligent search to find him and, if he cannot be found, to wire back to the office from which the message came for a better address, and likewise it is the duty of the company, when it has discovered that the person for whom the message is intended lives beyond its free delivery limits, either to deliver it by a special messenger or to wire back and demand payment, or a guarantee of payment, as it may choose to do, of the charge for the special delivery and, if it fails to deliver without demanding and being refused payment of the charge it will

be liable for its default. It is not liable, though, if the sender of the message, when proper demand is made, refuses to pay the extra charge for a special delivery beyond the limits established for free delivery by the company, provided those limits are reasonable. *Hendricks v. Telegraph Co.,* 126 N. C., 310, 78 Am. St. Rep., 658; *Bryan v. Telegraph Co.,* 133 N. C., 603; *Telegraph Co. v. Moore,* 12 Ind. App., 136, 54 Am. St. Rep., 515. To what extent this doctrine should be carried or how far beyond the free delivery limits the company should be required, in any given case, to make a special delivery, we need not now consider, as the question is not presented in this particular appeal. Our case must be decided upon its own peculiar facts, and we can derive little or no aid, except by analogy, from the decisions. The message which was sent to the plaintiff clearly indicated that Fayetteville was the terminal office on the line of defendant to which the message was to be sent, and that the message, when transmitted from Live Oak and received at that office, would have to be transferred to the mails for delivery to the plaintiff. If this is not true, why was there a double address, one to Fayetteville and one to Idaho? There is another significant fact in the case: The message was not only addressed to Fayetteville as the farthest reach of the telegraph service, but Idaho was indicated, not as a place merely of the plaintiff's residence in the vicinity of Fayetteville, but as his postoffice or the place where he received his mail. If the parties intended that the message should be sent to Fayetteville and then given to a special messenger and carried to the sendee at Idaho, why not use the simple word "Idaho," without the prefix "P. O."? But if it was their purpose that the message should go to Fayetteville by wire and then a written copy be mailed to the sendee at Idaho, it would be perfectly natural to use the prefix, and we can readily understand in such a case why it should have been done.

Again, it appears on the face of the telegram that celerity in the communication between the parties was not in this case the sole inducement for using the electric telegraph. The sender no doubt wished the message to reach the plaintiff sooner than would have a letter, if mailed on the same day at Mayo or Live Oak, but for some unexplained reason it was not expected that the sendee should reply by wire to the telegram  We at first thought that there may have been a mistake in the transmission of the message, but it was admitted in the argument to have been received just as it was sent. Why the sendee should have been requested to write if he could come when his letter could not reach Mayo for two days, and perhaps after the interment, we do not understand, unless he was not much expected to come or, at least, not until after the burial, because of the great distance between the two places.   Besides, the plaintiff could have reached Mayo as soon as a letter could be transmitted by mail, and, if he went, there was no need of writing.   But whatever the reason of this peculiar wording of the message, we think if the plaintiff was requested to use the mails, the defendant may well be excused for doing likewise.   It is so apparent from the language of the telegram that the company had the right to suppose that it was expected not to make a special delivery but simply to post the message at Fayetteville, that there is no conceivable ground upon which we could hold it to have been negligent to deliver by mail instead of by a special messenger.   The message also conclusively showed that there was no telegraph office at Idaho, otherwise it would have been addressed directly to the sendee at that place.   That being so, what is said by this Court through *Clark, C. J.,* in *Bryan v. Telegraph Co.,* 133 N. C., 603, fits the case: "The officer at the receiving point could not have given the sender any information which he did not already have.   It was his own negligence not to have paid the special delivery charges,

if a special delivery was required." *Telegraph Co. v. Henderson,* 89 Ala., 510, 18 Am. St. Rep., 148; *Telegraph Co. v. Matthews,* 107 Ky., 663; *Telegraph Co. v. Taylor,* 3 Tex. Civ. App., 310; *Telegraph Co. v. Swearinjen,* 95 Tex., 420. But, as we have shown, a special delivery outside of Fayetteville was not in the minds of the parties. The insuperable objection to the plaintiff's recovery is that the contract of the company, as evidenced by the message and attendant circumstances, if given the most favorable construction for him, does not bring this case within any recognized principle imposing liability upon the defendant for a breach of its duty. If the plaintiff has lost, he has not been injured, as it is expressed in one of the maxims of the law, and the Court was right in dismissing his action.

No Error.