## Fisher v. Commonwealth.

(Decided April 19, 1912.)

### Appeal from Meade Circuit Court.

Local Option—Indictment for Sale of Liquor in Prohibited Territory— Sale in Indiana.—Under an indictment charging the sale of liquor in local option territory, where the seller was a resident of Indiana, and delivered to a carrier of whiskey who transported it and delivered it to the purchaser at Brandenburg, this State, it was error to adjudge the defendant guilty. The essential element of the sale having occurred in Indiana, there was no violation of the local option laws of this State.

CLAUDE MERCER, C. C. FAIRLEIGH, WALTER GRÁY and W. H. ROOSE for appellant.

J. R. LAYMAN and JAMES GARNETT, Attorney General for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

Appellant, Fisher, was indicted in the Meade Circuit Court, charged with selling whiskey in Brandenburg, a town where the citizens by the exercise of their right of local option had forbidden its sale. Appellant was a liquor dealer of New Albany, Indiana. The case was tried below upon an agreed state of fact, without the intervention of a jury. Fisher was found guilty and appeals here.

The appellant relies for reversal upon a number of alleged errors. He invokes, inter alia, the Federal Constitution, its protection to his transaction as interstate commerce, and the consequent protection to him. As we have reached the conclusion that he is entitled to a reversal upon one ground which presents itself early in the consideration of his case, it seems unnecessary to drift into a lengthy discussion of the constitutional or other questions, save the immediate one demanding the reversal. No delivery of the whiskey by Fisher in Meade County was proven; and such delivery either actual, or by some means equivalent to actual, is an element of sale essential to complete it and to warrant a conviction under the statute. Such a delivery, it scarcely seems necessary to pause to remark, need not have been by Fisher in person, but might have been by any representative, agent or carrier, acting for him; but such transporting agency, in order to warrant his conviction, must, by the facts, be shown to have been acting for him, and not for the purchaser.

The stipulation of facts is that from his Indiana place of business Fisher delivered to a common carrier, operating between New Albany and Brandenburg, the liquor, and that the carrier transported and delivered it to the purchaser in Brandenburg. We are not informed as to who paid for the transportation, at whose risk the merchandise was transported, nor as to whether Fisher agreed to deliver at Brandenburg or at New Albany. The record, therefore, does not disclose whether the carrier, when it laid down the whiskey in Brandenburg, was acting for, was the agent of, the buyer or the seller. Unless, therefore, some established rule can be found to support the Commonwealth, sufficient to take the place of its missing evidence, it must fail; and the authorities seem to be against the existence of any such rule.

In Hutchinson on Carriers, section 736, it is said that "the law will presume, when nothing appears to the contrary, that the consignee is the owner of the goods, and that the contract for their transportation was made with him as such owner." This declaration has been approved in Kentucky. United States Mail Line Co. v. Carrollton Furniture Manufacturing Co., 101 Ky., 658.

In Whiting v. Farrand, 1 Conn., 63, it was said: "When a contract is made for the sale of goods which are not delivered, but are to be sent to the purchaser, if the vendor send them in the mode of conveyance agreed on by the parties or directed by the purchaser; or if no agreement be made or direction given, in the usual mode; or if the purchaser being informed of the mode assents to it, or if there have been sales or conveyances of other goods, and the vendor continues to send them in the same mode—then the goods are at the risk of the purchaser during their passage.

In Magruder v. Gage, 33 Md., 344, it is said: "Should the contract of purchase be silent as to the person or mode by which the goods are to be sent, a delivery by the vendor to a common carrier in the usual and ordinary course of business transfers the property to the vendee."

In the case of Pabst Brewing Co. v. Commonwealth, 107 S. W., 728, it was remarked that the testimony might have shown the seller's actual undertaking to complete the delivery, but that "in the absence of such testimony, it will be presumed that the transfer company acted as the agent of the purchaser, and not of the seller."

In McDermott v. Commonwealth, 96 S. W., 474, it is said: "The appellant delivered the four quarts of whiskey to the agent of the American Express Company, at Elizabethtown. This act passed the title from the appellant in this liquor, to the prosecuting witness. The Doores case, and the authorities therein cited, all agree that at the moment of the delivery of the article to the express company it became the agent of the purchaser."

In Commonwealth v. McDermott, 96 S. W., 475, a case very like the one at bar, the order was solicited, the agreement to furnish made, and the check in payment received in the local option county. It was contended that the sale was completed when the order was taken and the liquor paid for; but this court denied the contention. It held that the sale was not complete, as there yet re-

mained the segregation of the particular liquor, and its delivery.

It follows clearly from the foregoing authorities that, in the remarked absence of any testimony upon the subject, the law is that the carrier in this case was the agent of the buyer, and not of the seller; that the delivery of the liquor in New Albany, Indiana, to the carrier was a delivery, in so far as Fisher is concerned, not otherwise than to the buyer in person in New Albany; and that that essential ingredient or element of the sale having occurred in Indiana, there was not a sale of the contraband merchandise in Meade County, Kentucky.

The case of George Wiedemann Brewing Co. v. Commonwealth, 123 Ky., 556, among others, is relied upon by the appellee. The opinion in that case expressly admits the reasoning we have applied here, and says that where there is no proof of fraud, evasion, or subterfuge, the rule is generally enforced.

The case of McDermott v. Commonwealth, 100 S. W., 830, also relied upon by the appellee, should be noticed. In that case the instruction given by the trial court required the jury, as a prerequisite to a conviction, to believe that the seller sent the whiskey into the dry territory, and that it was received by the buyer in the dry territory—an instruction doubtless predicated upon some testimony not detailed in the opinion, but entirely in accord with our view here. Indeed, the opinion says that it was not denied that the sale was made and the liquor delivered in local option territory. In this connection, and in order that our meaning may be clear, we repeat that had the testimony disclosed a fulfilled undertaking by Fisher to deliver, through any agent of his own, the whiskey in Brandenburg, or that he paid the carriage to the transportation company, or that the transportation was at his risk, or any like fact to establish the agency of the carrier as the agency of the seller, and not of the buyer, Fisher's guilt would have been established.

For the reasons given the judgment is reversed and cause remanded.