James v. Commonwealth.

CASE 17—INDICTMENT—OCTOBER 21.

# James v. Commonwealth.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

1. LOCAL OPTION—INTOXICATING LIQUORS—PLACE OF SALE.—If in
toxicating liquors are ordered by letter and shipped from one
county to another by express, C. O. D., the sale takes place in
the county in which the liquors are delivered to the common
carrier, and is not in violation of the local option law in force
in the county to which they are shipped. The carrier is the
agent of the buyer to receive the goods from the seller, and the
agent of the seller to collect the price from the buyer, and
the sale is complete when the goods are delivered to the carrier.

W. G. WELCH FOR APPELLANT.

1. The demurrer to the indictment should have been sustained; it
alleged a sale of liquor "by the jugs full," when the local option
act, under which the indictment was framed expressly permits
the sale of not less than twenty gallons, and the jugs may have
contained that much.

2. Under the facts in this case the sale was in Lincoln county and
not Rockcastle county. Black's Intoxicating Liquors, secs. 267-
268; Benjamin on Sales, secs, 181, 327;; Commonwealth v. Rus-
sell; 11 Ky. Law Rep., 576; Buckman v. Commonwealth, 11 Ky.
Law Rep., 526; Duncan v. Lewis, 1 Duvall, 184; Crawford v.
Fish, 7 Dana, 60; Sweeney v. Owsley, 14 B. M., 332.

WILLIAMS & WILLIAMS OF COUNSEL ON SAME SIDE.

W. S. TAYLOR FOR APPELLEE.

1. The soliciting of orders by appellant from citizens of Rockcastle
county, and the distribution by him of printed orders on postal
cards directed to him, show that the whole scheme was merely
a device to evade the local option law. If such plain evasions of
the law are permitted to become successful the very purpose and
intention of the law itself will be defeated. 26 Fed. Rep., 515, 58
Vt., 140; 23 Fed. Rep., 134; Commonwealth v. Burgett, 136 Mass.,
450.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Upon an indictment charging him with violating a special act of the Legislature prohibiting the sale of liquors in the county of Rockcastle and other counties, appellant was tried and convicted upon the following state of fact, agreed to and by consent submitted to the trial judge:

"1st. That the defendant, J. W. James, is and was, on the 10th day of January, 1897, a licensed distiller, doing business in the town of Crab Orchard, and the county of Lincoln, in Kentucky, and as such duly authorized to sell in said county spirituous liquors in quantities not less than one quart.

"2d. That the said defendant had, prior to the 10th day of January, 1897, distributed in the county of Rockcastle orders in blank, printed on postal cards, which were addressed to himself at Crab Orchard, in Lincoln county, as aforesaid, for spirituous liquors.

"3d. That on the 10th day of January, 1897, J. J. Cook filled up and signed one of said blank orders, addressed as aforesaid to defendant at Crab Orchard, for one gallon of whisky; that said order was by said Cook mailed at Mt. Vernon to defendant at Crab Orchard for one gallon of whisky; that said order was by said Cook mailed at Mt. Vernon to defendant at Crab Orchard, and there received by the defendant; that said order directed defendant to ship the said Cook one gallon of whisky to Mt. Vernon, in Rockcastle county, by the Adams Express Co., C. O. D., meaning that the price thereof, which was stated in the order, was to be collected by the said company from said Cook upon delivering to him and at the place of delivery; that in compliance with said order the defendant delivered one gallon

of whisky, securely sealed, to the agent of Adams Express Co., at Crab Orchard, Lincoln county, which said company is a common carrier, addressed to J. J. Cook, at Mt. Vernon, in Rockcastle county, with instructions to said company not to deliver same until the sale price was paid; that said whisky was by said company carried to Mt. Vernon, county afore-said, and delivered to said Cook at that place, and the sale price collected from Cook and returned to defendant at Crab Orchard, the said Cook paying all charges of the Express Co.

"4th. This was all that was done by defendant in respect to the sale of spirituous liquors as charged in the indict-ment, No. 162, on this court docket."

The sole question involved is whether the sale was made in the county of Rockcastle or in Lincoln county. This pre-cise question was determined in Commonwealth v. Russell, 11 Ky. Law Rep., 576 (Superior Court, 1889), and it was held that where whisky ordered by letter was shipped from one county to another by express, C. O. D., the sale took place in the county in which the whisky was delivered to the carrier, and was not a violation of a prohibitory liquor law in force in the county to which it was shipped, citing 2 Kent, 492; Crawford v. Smith, 7 Dana, 60; Sweeney v. Ows-ley, 14 B. M., 332; Duncan v. Lewis, 1 Duvall, 184. The same conclusions are reached by the Superior Court in a number of other similar cases.

Professor Benjamin, in his recent "Principles of Sales," page 86, states the rule thus: "Where goods are ordered and shipped C. O. D. (collect on delivery), the carrier is said to be the agent of the buyer to receive the goods from the seller, and the agent of the seller to collect the price from

the buyer, and the sale is complete when the goods are de-livered to the carrier," citing Pilgreen v. State, 71 Alabama, 368, and numerous other authorities.

A different rule prevails in several other States as well as in the Federal courts, but the rule laid down by Benjamin is undoubtedly the law in this State, whatever it may be in some of the other States. The sale in this case was, therefore, in Lincoln and not in Rockcastle county. This case is de-cided without reference to the effect the case of Stamper v. Commonwealth, *ante*, may have on the special local act involved here.

The judgment is reversed, with directions to dismiss the prosecution.