Case 74.—PROSECUTION AGAINST THE GEORGE WEIDE-
MANN BREWING CO. AND OTHERS FOR A VIOLATION
OF THE LOCAL OPTION LAW.—Oct. 16.

## George Weidemann Brewing Co., &c. v. Com'th.

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

Defendants convicted and appeal.   Affirmed.

1. Local Option Law—Subterfuge to Evade it—Section 2570 of
the Local Option Law provides that: "No trick, device, sub-
terfuge or pretense shall be allowed to evade the operation or
defeat the policy of the law against selling liquors in violation
or evasion of any local option laws prevailing in any county,
city, town, precinct or municipality of this State." This statute
modifies the general rule, and under it the jury are authorized
to look beneath the surface and ascertain whether the dealer
is undertaking to be "smarter than the law" and by trick,
evasion or subterfuge to carry on a prohibited business in
spite of the law.

2. Brewing in Distant County—Agent Soliciting Orders in Local
Option District—Retail Quantities—Effect—Where a brewer in
Newport, Ky., sent an agent into a prohibition district solicit-
ing and receiving orders for beer in retail quantities, forwarded
these orders, received and forwarded the money, gathered up
the empty bottles and cases and sent them back to the brewery
and remitted to the purchaser the agreed price for the return
of the bottles and cases, it was a sale in the prohibited terri-
tory and not at the brewery, and the company is subject to
the penalty for a violation of the local option law in said ter-
ritory.

GREENE & VANWINKLE and GEORGE WASHINGTON for
appellants.

### POINTS AND AUTHORITIES.

1. Legal effect of transactions with salesmen. (Am. & Eng.
Ency. Law, Vol. 6, page 227; McKinley v. Dunham, 55 Wis.,
518; Burbank v. McDuffy, 65 Me., 135; Diversy v. Kellogg, 44
Ill., 114; Gross & Henning v. Scarr, 71 Ia., 656; Gill v. Kauf-
man, 16 Kan., 571; Jno. Mathews Apparatus Co. v. Renz, 61
S. W., 9; Grocery Co. v. Becket, 57 S. W., 458.)

George Weidemann Brewing Co., &c. v. Commonwealth.

2. Title to unidentified personal property does not pass until appropriated and delivered purchaser, and such delivery is made when goods are placed in hands of carrier by vendor. (Herron v. State, 51 'Ark., 133; Burton v. Bank, 44 Ark., 557; Sortwell v. Hughes, 1 Curtis [C. C. R.], 244; Boothby v. Plaisted, 51 N. H. 436; Garbacht v. Commonwealth, 96 Penn. St., 449; Finch v. Mansfield, 97 Mass., 89; Banchor v. Warren, 33 N. H., 183; Hill v. Spear, 50 N. H., 253; James v. State, 78 S. W., [Tex.], 951; Am. & Eng. Ency. Law, Vol. 17, pages 300, 301; Berger v. State, 50 Ark., 20; Newman v. State, 88 Ala., 115; Weber v. Howe, 36 Mich., 150; Weldon v. State, 36 Tex. Cr. Rep., 34; U. S. v. Lackey, 120 Fed., 577; Kirby v. State, 80 S. W., 1007; Am. & Eng. Ency. Law [1st Ed.], Vol. 11, pages 741, 745; Am. & Eng. Ency. Law [1st Ed.], Vol. 22, pages 499, 511; James v. Commonwealth, [Ky.], 42 S. W., 1107; Commonwealth v. Russell, 11 Ky. Law Rep., 576; Dooris v. Com. Ky., Decided at present term; Keller v. State, Tex., 97 S. W., 669; Stein Brewing Co.'s Assignee v. Eberhardt, 62 S. W., 81; Ferguson v. Bank, 77 Ky., 555; Teal v. Commonwealth, 57 S. W., 464; Doores v. Commonwealth, 76, S. W., 2; Davis v. Commonwealth, 82 S. W. 277.)

3. Burden on Comomnwealth to show agreement to deliver and delivery in local option district. (Dunn v. State of Ga., 82 Ga., 27; Neil v. Golden, 141 Mass., 364; Bishop on Contracts, Section 1309; Doster v. State of Ga., 43; Harding v. State [Neb.], 91 N. W., 194).

4. Place of payment can not fix or determine place of sale. (Pearson v. State, 66 Miss., 510, S .C. 4 L. R. A., 835; State of W. Va. v. Hughes, 22 W. Va., 743; Sarbecker v. State, 65 Wis., 171; Tegler v. Shipman, 33 Ia., 194.)

5. Sale made without local option district will not and can not be construed a trick, device or pretense, and thus bring the sale within the district. (Teal v. Commonwealth, 57 S. W., 464; Doores v. Commonwealth, 76 S. W., 2; Davis v. Commonwealth, 82 S. W., 227; Crigler v. Commonwealth, opinion of May 18, 1905; James v. Commonwealth, 42 S. W., 1107; Statutes of Ark., Section 1926; Statutes of Ga., Section 1548; Statutes of Wis., Section 1550; Statutes of Neb., Section 3601; Statutes of Maine, page 307, Section 30; Doores v. Com. Ky., Decided at present term; Kellar v. State, Tex., 87 S. W., 685, 686.)

WM. J. PRICE for appellee.

N. B. HAYS, Attorney General and CHAS. H. MORRIS of counsel.

George Weidemann Brewing Co., &c. v. Commonwealth.

## POINTS AND AUTHORITIES.

Sections 459 and 460 of Ky. Statutes, provide that all statutes shall be construed with a view to carry out the intention of the legislature and their provisions liberally construed with a view to promote their objécts. Section 2557 of the statutes provides the penalty in these cases against "any person, who shall sell, barter or loan directly or indirectly any such liquors." Consider in the same connection, as it is intended, the intention of the legislature in the use of the words and phrases of section 2570. This section does not content itself with the words "trick or device," but with equal positiveness declares no "subterfuge or pretense" "shall be allowed" (to do what?)—"to evade the operation" (and it does not stop here) "or defeat the policy against selling spirituous, vinous or malt liquors without a license, (nor does it yet stop, but with a still broader phrase again) or in violation or evasion of any local option laws prevailing in any county, **town, city,** precinct or municipality of this Commonwealth."

## AUTHORITIES CITED.

Teal v. Commonwealth, 22 Ky. Law Rep., 350; Penner v. Commonwealth, 111 Ky., 605; Adair v. Commonwealth, 21 **Ky.** Law Rep., 1819; Ky. Statutes, Sec. 2557; Ky. Statutes, Sec. 2570; Davis v. Commonwealth, 26 Ky. Law Rep., 597; Lafferty v. State, 35 S. W., 374; Buckman v. Commonwealth, 11 Ky. Law Rep., 526; Ky. Statutes, Sec. 459; Ky. Statutes, Sec. 460; Griffin v. Commonwealth, 23 Ky. Law Rep., 2205.

Opinion by Judge Barker—Affirming.

The appellants were indicted in the Boyle circuit court charged with retailing liquor contrary to the prohibition statute prevailing in that county. A trial resulted in their being found guilty by the jury, and from the judgment of the court based upon the verdict they are here on appeal.

The facts show that the general prohibition statute is in force in Boyle county; that Jerry Crowley is the agent of the George Wiedemann Brewing Company, a corporation of Newport, Ky.; that the agent applied to the mayor of Danville for a license to carry on the business of a wholesale liquor dealer in that city, which was refused; whereupon he rented

an office, furnished it, put in a telephone, bought a horse and covered wagon, and opened up business. His mode of operation was to solicit orders for beer, transmit them to his principal in Newport, and the beer was then shipped to the customer. Wherever the agent heard of a man being thirsty, he solicited an order, and, if successful, sent it to his principal. The rule of the corporation was to charge the customer up with the price of the case and the bottles, and upon a return of these a part of the original purchase price was remitted. One of Crowley's duties was to go to the customer's house with his wagon and collect up the empty bottles and cases. The transaction involved in this case arose as follows: Forest Johnson ordered from Crowley a case of beer, for which he agreed to pay $1.80. This order was sent to the home office in Newport. The beer was shipped to Johnson, who received it at the depot in Danville. The original bill of lading, or a copy thereof, was sent to Crowley, so that he knew the goods had arrived as soon as the purchaser. Johnson paid the purchase price of $1.80 by delivering to Crowley his check for that sum, payable to the corporation. This was transmitted by Crowley to his principal.

The real question in this case is whether or not this transaction constituted a sale of liquor in Boyle county, or whether, as contended by defendant, the sale was in Newport, where the prohibition statute does not prevail. It may be conceded that the rule is general that where the goods are ordered from a distant point by an order which must be accepted at the home of the vendor, and the goods are shipped from there to the purchaser, the sale is considered as having taken place at the home office, and when the goods are delivered to the common carrier for transmission it is the agent of the purchaser. And when the transaction is free from fraud, evasion, or sub-

terfuge this rule is generally enforced. The opportunity to retail liquor in prohibition districts presents great temptation to evade the law, and thus make a profit out of a prohibited business. The prohibition statute (section 2570, Ky. St. 1903) is as follows: "No trick, device, subterfuge or pretense shall be allowed to evade the operation or defeat the policy of the law against selling spirituous, vinous or malt liquors without license, or in violation or evasion of any local option laws prevailing in any county, city, town, precinct or municipality of this Commonwealth." The statute modifies the general rule very substantially, and under it the jury, in such cases, are authorized to look beneath the surface of the transaction and ascertain whether or not the dealer is undertaking to be "smarter than the law," and by a trick, evasion, or subterfuge to carry on a prohibited business in spite of it. The transaction in hand was a sale by retail, the amount involved being less than five gallons, and the total price $1.80. It is true Crowley testified that the company had the right to reject any order he sent in, but it must be manifest that in such small transactions as that involved here the home office could not afford to look up the financial rating of the would-be purchaser, and Crowley himself admits that he in no case sent in an order from an irresponsible party We think, therefore, it is clear that Crowley passed upon the credit of the purchaser, and that the contract was closed in Boyle county. This is evidenced by the fact that the company mailed to the agent a copy of the bill of lading when a shipment was made, and also by the fact that the agent completed the transaction by receiving the check and gathering up the bottles after they were emptied.

This case does not fall within the principle of James v. Commonwealth, 102 Ky. 108, 19 Ky. L. R. 1045, 42 S. W. 1107, relied on by the defendants. No

order was given there in the county of the purchaser. The purchaser himself forwarded the order to the vendor, and the goods were then shipped C. O. D. into the prohibition district, and it was held that the transaction took place in the county of the vendor. We think the case at bar falls within the reasoning of Teal v. Commonwealth, 57 S. W. 464, 22 Ky. Law Rep. 350, although the facts are not entirely coincident. There the vendor sent an agent into the county with samples of the whisky, took orders, and forwarded them to the vendor in another county, and these orders were filled by the vendor shipping the goods C. O. D. to the purchaser in the prohibition district. We held that this was a sale in the county where the purchaser resided, and the case was distinguished from James v. Commonwealth, supra, in the opinion. Evidently the object of the statute quoted above was to prevent any and all evasions of the prohibition law. It was intended to guarantee to the people of any given district a home government, and to place it within their power to exclude the sale of spirituous liquor in the given district, if they so desired; and especially to make it possible to prevent outsiders from violating the law and thus breaking down the moral barriers erected by the people for their protection by such practices as this record discloses. In this case we have a brewer in a distant county sending an agent into a prohibition district, soliciting and receiving orders for beer in retail quantities, forwarding these orders, receiving the money, and forwarding that, gathering up the empty bottles and cases and sending them back to the brewery, and remitting to the purchaser the stipulated sum for the return of the botles and cases. Every element of a complete sale is here, except the mere physical presence of the beer at the time the order is taken; and in these days of quick transportation, if a brewer in a non-prohibition district, by means of

the railroad and express companies, can pour its products into prohibition districts in ways similar to those under discussion, it must be obvious that the utility of prohibition laws will soon be entirely broken down. It seems to us we have here a case that belongs to that class of liquor traffic as to which the statute was intended to "lay the ax at the very root of the tree."

We conclude, upon a survey of the whole record, that the defendants had a fair and impartial trial, and the judgment is therefore affirmed.