CASE 65.—ACTION BY THE WOODBINE CHILDREN'S CLOTHING COMPANY AGAINST S. GOLDNAMER & SON.— Sept. 28, 1909.

## Woodbine Children's Clothing Co. v. S. Goldnamer & Son

Appeal from Hardin Circuit Court.

WEED S. CHELF, Circuit Judge.

Judgment for defendants on a counterclaim and plaintiffs appeal.—Affirmed.

1.  Sales—Passing Title—Delivery to Carrier.—Where goods are ordered and shipped by a common carrier selected by the buyer or where by the course of trade delivery to a common carrier is intended to pass title, the property passes as soon as the goods are put in the carrier's possession.

2.  Sales—Passing Title—Selection of Carrier.—Where a buyer of clothing directed it to be delivered for the spring trade and be shipped over a certain railroad, a delivery by the seller to a different railroad for transportation d'd not constitute a delivery to the buyer, though the carrier named had no connection with the point of shipment the seller not having notified the buyer and given him an opportunity to select another carrier.

L. A. FAUREST for appellant.

Woodbine Children's Clothing Co. v. S. Goldnamer & Son.

### QUESTIONS DISCUSSED AND AUTHORITIES CITED.

1.  The delivery of the goods to the carrier at Woodbine, New Jersey was a delivery to the defendant.  Commonwealth v. Russell, 11 Rep. 576; James v. Commonwealth, 19 Rep. 1045; Ramsey & Gore Mfg. Co. v. Kelsea, 55 N. J. L. 320; Neimeyer Lumber Co. v. B. & M. R. Co., 40 L. R. A. 534; Sarbecker v. State, 65 Wis. 171, 56 Am. Rep. 624; Krudler v. Ellison, 47 N. J. 36, 7 Am. Rep. 402.

2.  The appellees were entitled to nothing on their counterclaim.

3.  The court erred in the admission of evidence.

H. L. JAMES for appellee.

R. L. STITH of counsel.

### SYNOPSIS.

1.  The facts disclose that a contract was made between appellant and appellees under which the appellant sold and agreed to deliver to appellees on or before April 1, 1909, a certain bill of merchandise.  The appellees designated the carrier to which delivery should be made.  The appellant failed to make delivery in accordance with the terms of contract and the appellees were damaged in consequence thereof.

2.  Where the buyer designated the carrier to which delivery must be made, if the seller delivers to some other carrier there is no delivery to the buyer.  24 Am. & Eng. Enc. of Law, p. 1071.

3.  Where no carrier is designated by the buyer it is an open question in Kentucky whether the delivery to any carrier would be considered a delivery to the buyer.  The courts of other states are not in accord on this proposition.  Among the cases holding that it is not such a delivery is Loyd v. Wight, 65 Am. Dec. 636, and authorities there cited.

4.  Where a delivery is made by the seller to the carrier that is designated by the buyer, it is a delivery to the buyer.  Commonwealth v. Russell, 11 Ky. Law Rep. 576; James v. Commonwealth, 19 Ky. Law Rep. 1045; Macgruder v. Gage, 3 Am. Rep. 177.

5.  But in order to constitute the delivery to the designated carrier a delivery to the buyer, the exact quantity called for in the order must be delivered to such carrier.  24 Am. & Eng. Enc. of Law, 1077; Barton v. Kane, 84 Am. Dec. 729.

6.  The appellees were entitled to recover on their counter claim the lost profits.  24 Am. & Eng. Enc. of Law, 1156 and 1149; Bluegrass Cordage Co. v. Luthy & Co. 98 Ky. 583.

7.  The trial court properly corrected any error in the admission of evidence by the instructions to the jury.  L. & N. R. R. Co. v. Mitchell, 87 Ky. 343.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—
Affirming.

Appellant in the month of October, 1907, was en-
gaged in the manufacturing of children's clothing in
Woodbine, N. J.; and on the same date appellees were
engaged as merchants in the city of Elizabethtown,
Ky. On the 23d of that month appellant's agent so-
licited appellees to make an order for some clothing
from appellant, which they did, the order amounting
to $253. The order was made to supply the spring
trade of 1908, and it was stated therein that the goods
should be delivered to appellees on or about April
1, 1908. It was directed by appellees, and so stated
in the order, that the goods were to be shipped by
appellant to appellees over the Merchants' Dispatch
in care of the Louisville & Nashville Railroad. About
the middle of March, 1908, appellant shipped by the
West Jersey & Seashore Railroad $218 worth
of the goods ordered by appellees, but they did
not arrive in Elizabethtown until about the last of
May, which was the close of the season for the sale
of such goods, and appellees refused to receive them.

This action was instituted to recover of appellees
the $218 for the goods so shipped. Appellees de-
fended upon the ground that they did not owe the bill
or any part of it; that the goods were not shipped
in accordance with their order which was accepted
the previous October by appellant; that the goods
were shipped by the West Jersey & Seashore Rail-
road instead of the Merchants' Dispatch in care of
the Louisville & Nashville Railroad. They also made
their answer a counterclaim, and asked damages of
appellant on account of its failure to deliver the
goods according to contract.

The testimony was heard and the court instructed the jury to find against appellant on its claim of $218, and properly instructed them as to appellees' counterclaim. The jury found against appellant on its claim, and found for appellees $50 in damages.

Appellant contends that, when it delivered the goods to the West Jersey & Seashore Railroad in Woodbine, it amounted to a delivery to appellees, and that they took the risk of the goods being delivered to them in Elizabethtown, and, if they suffered damages by reason of the loss of the goods or an account of the failure to deliver the goods according to contract, the carrier was responsible to them for the damages. The authorities are conflicting, but the weight thereof seems to be that where goods of a certain character are ordered, and the buyer directs that they be sent by a common carrier, or where, by course of trade, delivery to a common carrier to be sent to the buyer is the evident intent, in such cases the property passes as soon as the goods are put in the carrier's possession. But, if the purchaser designates a particular carrier to which the goods should be delivered for shipment and the seller fails to deliver the goods to such carrier and selects some other, or if it appears that it was not the intention of the parties at the time of the sale that a delivery of the goods to the carrier by the seller was to be considered a delivery of the goods to the purchaser, then the rule does not apply. If delivery is made by the seller to a carrier designated by the buyer, it is a delivery to the buyer, and he takes the risk of the delay and loss. 24 Am. & Eng. Ency. of Law, 1071; Commonwealth v. Russell, 11 Ky. Law Rep. 576; James v. Commonwealth, 102 Ky. 108, 42 S. W. 1107,

19 Ky. Law Rep. 1045; Macgruder v. Gage, 33 Md. 344, 3 Am. Rep. 177.

In the case at bar appellant agreed, as directed by appellees, to ship the goods by the Merchants' Dis- patch in care of the Louisville & Nashville Railroad, and it violated this agreement when it shipped the goods over the West Jersey & Seashore Railroad. It undertook to excuse itself in this by showing that the Merchants' Dispatch had no connection with Wood- bine, N. J., claiming, therefore, that it had a right to ship by any carrier of its selection. This would be true if it had notified appellees of this fact before the shipment, thereby giving them an opportunity to se- lect a carrier other than the Merchants' Dispatch, if they desired to do so, and, in the event they failed to make their selection, appellant would have been au- thorized to have shipped the goods as it did. Appel- lant had plenty of time to have given this notice, for it knew in October the route over which appellees had directed these goods shipped, and it did not ship the goods until March 19, 1908. Therefore we are of the opinion that the court committed no error in directing the jury to find against appellant on its claim.

There was evidence introduced authorizing the ver- dict of $50 for appellees on their counterclaim.

For these reasons, the judgment of the lower court is affirmed.