### No. 8680-8681.
### Orleans Appeal.

---

ALEX WOLDERT CO., INC., v. JOS. SAMUEL CO., INC., Appellant; TEXAS & PACIFIC RAILWAY COMPANY, Cited in Warranty, Appellant.

---

(December 1, 1924, Opinion and Decree.)
(December 15, 1924, Rehearing Refused.)
(February 3, 1925, Decree Supreme Court Writ of Certiorari and Review Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Par. 42; Carriers of Passengers and Goods, Par. 104.**
The transfer by endorsement of a bill of lading to shipper's order vests title in the transferee.

2. **Louisiana Digest, Evidence, Par. 342; Appeal, Par. 636.**
Positive and affirmative evidence will outweigh proof of circumstance as suggesting improbability.

Appeal from Civil District Court for the Parish of Orleans, State of Louisiana, Division "B", Hon. Fred D. King, Judge.

This is a suit for the value of the shortage in a shipment of pecans. The T. & P. was cited in warranty.

There was judgment in plaintiff's favor and against the defendant and in defendant's favor and against the railroad company on the call in warranty. Both parties cast have appealed.

Judgment reversed.

Merrick & Schwartz, attorneys for plaintiff and appellee.

Morris B. Redman, Quintero & Quintero; Spencer, Fenner, Gidiere & Phelps, C. E. Dunbar, attorneys for defendant and appellant.

WESTERFIELD, J. The plaintiff, a non-resident corporation; purchased, through Lazare Levy of New Orleans, a carload of pecans from the defendant, Jos. Samuel Co., Inc. The pecans were loaded at Derry, Louisiana, in a car of the Texas & Pacific Railway Company and a bill of lading issued by the said railroad to defendant. The bill of lading called for 305 sacks of pecans of the aggregate weight of 35,559 pounds, consigned to shipper's order, Chicago, Ill. Defendant, who had sold the pecans to Levy of New Orleans, for 21½¢ per pound, at once endorsed the bill of lading in blank, delivered same to Levy and received his check in settlement. Levy attached the bill of lading to a sight draft covering the value of the pecans at the rate of 22½¢ per pound, drawn upon plaintiff. The draft was paid upon presentation and plaintiff received the pecans some days thereafter.

Upon arrival of the pecans in Chicago, the freight notice sent plaintiff indicated a shortage of about 4,000 pounds, and when plaintiff weighed the shipment later, this shortage was confirmed.

Plaintiff sues defendant for the value of the shortage at the rate of 22½¢ per pound. Defendant denies liability, alleging that it delivered the full weight called for by the bill of lading to the railroad company and calls the railroad company in warranty.

There was judgment below in plaintiff's favor and against the defendant and in defendant's favor and against the railroad company on the call in warranty. Both parties cast have appleaed.

The first question for our consideration is whether defendant undertook, or must be held to responsibility for, delivery of the pecans in Chicago. The sale was F. O. B. shipping point and the rule of law is under such circumstances that delivery to the carrier is delivery to the buyer who thereby acquires the title to the goods and assumes the risk in transit. Plaintiff, however, contends that this rule is inapplicable where the shipper is the consignee, as in this case, and where shipping instructions as to a designated carrier are disregarded, as was done here, citing the following authorities:

Eldorado Jewelry Co. vs. Werner (1910), 156 Ill. App. 315.

Woodbine Children's Clothing Co. vs. Goldnamer (1909), 134 Ky. 538, 121 S. W. 444.

Wheelhouse vs. Parr, 141 Mass. 593.

St. John Brothers Co. vs. Falkner (1921), 237 Mass. 399; 130 N. E. 51.

Hills vs. Lynch, 3 Robt. (N. Y.) 42.

Oneida Knitting Co. vs. Popular Dry Goods Co. (1918), 202 S. W. (Tex.) 811.

Sohn vs. Jervis, 101 Ind. 578.

Libby vs. Ingalls, 124 Mass. 503.

McCormick vs. Joseph, 77 Ala. 236.

Ala. G. S. E. Co. vs. Mt. Vernon Co., 84 Ala. 173.

The position of plaintiff is well taken as far as it goes, but it is overcome by the fact that Lazare Levy Co., whom we hold was the agent of plaintiff, accepted the bill of lading as drawn and paid for the pecans immediately, without protest or complaint as to the routing of the shipment. That Levy was plaintiff's agent cannot be disputed. Defendant dealt only with him and was paid by him promptly upon presentation of the bill of lading, Levy being reimbursed by means of the sight draft, heretofore referred to, on a basis of one cent per pound more than he paid defendant, the one cent evidently representing his commission. The endorsement of the bill of lading to Levy vested title in him as plaintiff's agent. Scheurman vs. Monarch Fruit Co., 123 La. 55. Uniform Bills of Lading Act (Act 94 of 1912), Section 32.

The next question to be determined is whether the defendant delivered the weight of pecans called for by the bill of lading.

The pecans were weighed at Derry, Louisiana, the shipping point, on a railway scale, by two employees of the railway and an agent of defendant. The actual weighing was done by the employees of the railway, one of whom called out the weights and the other wrote them down, defendant's agent likewise taking the weights. The additions were made by mental calculation and verified on an adding machine. As the sacks were weighed they were loaded on the car and when all pecans had been weighed and loaded the car was sealed and the bill of lading issued. The seals, according to the evidence, were undisturbed when the car reached Chicago, but at one point en route an agent of the railway company put an extra seal on the car because he states the seals placed on the car at the shipping point were what is known as "slip seals". However, when the seals were removed in Chicago, the contents gave every evidence of having been tampered with. Several sacks were "slack", indicating that part of their contents had been removed and one sack was empty. Plaintiff has calculated the overage weight of the sacks as shipped and as weighed at destination and counted the sacks. He has convinced us of the difficulty of reconciling the shortage in weight with the condition of the sacks as delivered, but as against the positive evidence, to which we have alluded, concerning the careful weighing and checking at the shipping point, the circumstances suggesting improbability cannot prevail.

The views we have expressed make it necessary for us to consider the able and elaborate argument of counsel for the railway company called in warranty herein.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment for defendant dismissing plaintiff's claim without prejudice to plaintiff's right of action against the Texas and Pacific Railroad Company called in warranty herein. It is further ordered that defendant's call in warranty be dismissed and that plaintiff bear all costs.